UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| DANIEL MILES, | Civil Action No.: |
| Plaintiffs, | |
| -against- | **COMPLAINT** |
| MERCANTILE ADJUSTMENT BUREAU, LLC, | **DEMAND FOR JURY TRIAL** |
| Defendant(s). | |

-----------------------------------------------------------------X

Plaintiff DANIEL MILES ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., as and for his Complaint against the Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff DANIEL MILES is a resident of the State of New York, residing at 96 Eisenhower Avenue, Brentwood, New York 11717.

3. Defendant MERCANTILE ADJUSTMENT BUREAU, LLC is a New York limited liability corporation with their main office at 165 Bell Drive, Suite 100, Williamsville,

New York 14221.

4. The Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a(3).

5. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Defendant, on behalf of a third-party or itself as purchaser of the debt, began efforts to collect an alleged consumer debt from the Plaintiff.

10. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff on May 2, 2016 by placing a telephone call to telephone number 631 273 0990 and leaving a voice message.

11. Defendant's message was spoken by "Chelsea Birchfield" who identified Defendant as a debt collector calling Plaintiff in an attempt to collect a debt, and

requested a call back to number 800 466 5259.

12. The recorded greeting at the aforementioned number (i.e., "You have reached the Miles', we are unavailable, please leave a message") explicitly states that the caller has reached a family telephone which is in use by multiple individuals in the home.

13. The Defendant's message was overheard by Plaintiff's son, Divine Miles, who consequently learned that a debt collector was attempting to reach his father regarding a debt.

### FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Pursuant to 15 USC §1692c(b), without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

16. The Defendant violates 15 USC §1692c (b) by disclosing to a third party, the Plaintiff's son, Divine Miles, that Defendant was a debt collector seeking Plaintiff. Defendant's statement that their message was private and intended only for Plaintiff

does not mitigate their violation, pursuant to <u>Thompson v. Diversified Adjustment Service, Inc</u>., No. H–12–922, 2013 WL 3973976 (S.D. Tex. July 31, 2013) where the debt collector left a message at the consumer's mother's residence which disclosed the existence of a debt. The collection agency countered suit by the Plaintiff that the voice mail message left at the consumer's mother's telephone number was not a prohibited third-party communication, noting that the consumer gave her mother's telephone number and address to the collection agency as her contact information. The Court found that: "[the debt collector] could have reduced the risk that its voicemail would be heard by a third party by not leaving a message and instead calling again later" and also stated that Plaintiff's claim that Defendant violated the foregoing provision of the FDCPA is supported by <u>Travis Banco v Credit Collection Services Inc N. CIV S-10-1242 FCD/EFB USDC ED, California</u>, wherein the court found that "Credit Collection Service's position that it cannot be liable because the message was solely intended for plaintiff and that plaintiff's mother should have refrained from listening when she heard the warning is wholly without merit." And further: "Defendant cites to no authority supporting its proposition that a person must refrain from listening to a voice message in his or her own home merely because the message is for another person. Indeed, the weight of the case law militates strongly in favor of the inverse conclusion." Similarly here, for the same reasons, Defendant's contention that the warning on the message shields it from liability is ineffectual.

17. As a result of Defendant's neglect in leaving a message on a voice mail which is accessible to third parties, Plaintiff suffered extreme embarrassment and distress and according to 15 USC §1692k(a)(1), Defendant is liable to Plaintiff for damages sustained

as a result of their failure to comply with §1692 et seq. of Title 15 of the United States Code (the FDCPA).

## DEMAND FOR TRIAL BY JURY

18. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
        June 30, 2016

                                        Respectfully submitted,

                                        By: _____
                                        Edward B. Geller, Esq. (EG9763)
                                        Edward B. Geller, Esq., P.C., Of Counsel to
                                        M. HARVEY REPHEN & ASSOCIATES, P.C.
                                        15 Landing Way
                                        Bronx, New York 10464
                                        Phone:   (914)473-6783

                                        *Attorney for the Plaintiff* DANIEL MILES

To:  Mercantile Adjustment Bureau, LLC
     165 Lawrence Bell Drive, Suite 100
     Williamsville, New York 14221

     *(Via Prescribed Service)*

     Clerk
     United States District Court, Eastern District of New York
     *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                CASE NO.:

DANIEL MILES,

                           Plaintiff,

    -against-

MERCANTILE ADJUSTMENT BUREAU, LLC,

                           Defendant(s).

# COMPLAINT

Edward B. Geller, Esq., P.C., Of Counsel to
*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*15 Landing Way*
*Bronx, New York 10464*
*Phone:   (914)473-6783*